IN THE UNITED STATES DISTRICT COURT
FORT HE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

LELAND C. WINSEA, JR.,            )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Case No. 4:15-CV-00385-ODS-SSA
                                  )
CAROLYN W. COLVIN,                )
Acting Commissioner of Social Security, )
                                  )
            Defendant.            )

## ORDER AND OPINION AFFIRMING IN PART AND REVERSING IN PART THE COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and disability insurance benefits. The Commissioner's decision is affirmed in part, reversed in part, and the case is remanded for further proceedings.

## I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence;

rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II.　BACKGROUND

Plaintiff was born in 1964 and has an eleventh grade education. R. at 111-12. Plaintiff filed for disability and disability insurance benefits in July 2009, alleging he became disabled in March 2008. R. at 10, 299-305. After a hearing, the Administrative Law Judge ("ALJ") issued a decision finding Plaintiff was not disabled. R. at 146-57. Plaintiff appealed the decision to the Appeals Council, which vacated the ALJ's decision and remanded the matter back to the ALJ. R. at 163-64. The Appeals Council directed the ALJ to consider additional evidence received from Horton Rural Health Clinic, further evaluate Plaintiff's mood disorder, give further consideration of Plaintiff's maximum residual functional capacity ("RFC"), and obtain evidence from a vocational expert ("VE") to further evaluate Plaintiff's past work history and whether his past work qualifies as past relevant work. *Id*.

The ALJ held another hearing on December 5, 2013. R. at 10, 107-135. Subsequently, the ALJ issued her decision finding Plaintiff was not disabled. R. at 10-27. The ALJ determined Plaintiff has the following severe impairments: "[l]iver damage secondary to alcohol abuse; diverticulitis; diabetes mellitus; asthma vs. COPD; and mood disorder." R. at 13. The ALJ concluded Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a). The ALJ also provided the following limitations:

> Specifically, claimant could lift, carry, push, or pull negligible weights, such as files or documents, weighting [sic] up to and including 5 pounds frequently and up to and including 10 pounds occasionally. He was able to sit for 8 hours out of 8 hours. Claimant could stand or walk in combination for 1 hour out of 8 hours for 30 minutes at a times [sic]. Claimant could never climb ladders, ropes, scaffolding; kneel; crouch; or crawl. He was able to occasionally climb stairs or ramps and stoop.
>
> Environmentally, claimant required an indoor work environment. He could never be exposed to extreme cold; extreme heat; wetness; humidity; or

> fumes, odors, or dust. He could never be exposed to hazards, such as dangerous machinery or unprotected heights.
>
> Mentally, claimant could never be expected to understand, remember, or carry out detailed instructions. His job duties had to be simple, repetitive, and routine in nature. Claimant could never be expected to exercise independent judgment regarding the nature of his job duties.

R. at 15. Based upon this RFC and the testimony of a VE, the ALJ found Plaintiff was not disabled, and could work as a document scanner, circuit board assembler, and packager. R. at 26-27, 130-33. Plaintiff requested review of the ALJ's decision, and the Appeals Council denied the request. R. at 1-3. Plaintiff appeals to this Court.

### III. DISCUSSION

#### A.
#### (1)

Plaintiff argues the ALJ's RFC and the hypothetical given to the VE preclude Plaintiff from understanding, remembering, and carrying out detailed instructions, but the jobs identified by the VE require the ability to carry out detailed instructions. Doc. #11, at 37. The Court agrees.

The ALJ posed a hypothetical question to the VE, which set forth the RFC identified above. R. at 131-32. Among other things, the ALJ specified that the person in his hypothetical question "should never be expected to understand, remember or carry out detailed instructions" and his "job duties must be simple, repetitive and routine." *Id.* at 131. In response, the VE identified the following positions: circuit board assembler (DOT 726.684-110), packager (DOT 559.687-014), and document scanner (DOT 249.587-018). *Id.* at 132-33.

The positions of circuit board assembler and packager necessitate level two reasoning skills, which "require[] the ability to understand and carry out detailed instructions." *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997); *see also* Appendix C, *Dictionary of Occupational Titles* (4th ed. 1991). The position of document scanner entails level three reasoning skills, which require the ability to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.

3

Deal with problems involving several concrete variables in or from standardized situations." Appendix C, *Dictionary of Occupational Titles* (4th ed. 1991).

Given the reasoning levels of the positions identified by the VE and the RFC determined by the ALJ, Plaintiff does not possess the reasoning level requirements to perform the jobs. Specifically, the ALJ's determination that Plaintiff "should never be expected to understand, remember or carry out detailed instructions" prevents him from performing a job that requires level two reasoning skills. And the ALJ's conclusion that Plaintiff's "job duties must be simple, repetitive and routine" prevents Plaintiff from performing a job that requires level three reasoning skills. Accordingly, this matter is remanded. The ALJ must identify jobs that Plaintiff, with the RFC previously determined by the ALJ, has the ability to perform.

(2)

Plaintiff argues the ALJ failed to consider the determination of the Missouri Department of Social Services, which found Plaintiff to have a severe impairment, and given his age, education, and work experience, Plaintiff would be unable to perform his past work or any work for a period of twelve months or longer. Doc. #40, at 40-41; *see also* R. at 414-17. Although this disability determination is not binding on the ALJ, 20 C.F.R. § 404.1504, the ALJ is required to consider and discuss a finding of disability by another governmental or non-governmental agency in the decision. SSR 06–03p; *Morrison v. Apfel,* 146 F.3d 625, 628 (8th Cir.1998) (holding that "even though another agency's determination that a claimant is disabled is not binding on SSA ... the ALJ must evaluate it as any other piece of evidence and discuss it in the decision."). The ALJ's decision is silent as to the state agency's determination. Thus, it is unclear as to whether the ALJ considered the determination. Accordingly, upon remand, the ALJ must consider and discuss the determination of the Missouri Department of Social Services.

(3)

Plaintiff contends the ALJ's RFC is unsupported by the medical opinions of record. The ALJ stated that she "considered the opinions of Dr. Fortune and Dr.

4

Mukherjee." R. at 25. She gave "little weight" to Dr. Fortune's opinion because his opinion was based on the magnification of Plaintiff's symptoms and Dr. Fortune's inability to determine Plaintiff's actual limitations. *Id.* The ALJ gave "some weight" to the opinion of Dr. Mukherjee. *Id.* While the ALJ explained why she discounted Dr. Mukherjee's opinions regarding Plaintiff's restrictions with handling, fingering, feeling, pushing, pulling, or operating a motor vehicle, the ALJ did not explain why she did not include Dr. Mukherjee's opinions with regard to other limitations in her RFC. *Id.* Accordingly, upon remand, the ALJ must explain why she did not adopt Dr. Mukherjee's opinions on all other restrictions noted by Dr. Mukherjee.

Plaintiff also contends that the ALJ failed to consider the "medical opinion" from a medical provider at Kickapoo Nation Health Center. It is unclear from the record whether the ALJ considered the September 7, 2010 letter from a medical provider at Kickapoo Health Center to be a medical opinion, and if so, what weight she afforded it. Upon remand, the ALJ must state whether she considered the September 7, 2010 letter and accompanying from Kickapoo Nation Health Center to be a medical opinion (R. at 626-27), and if so, how much weight she afforded that opinion.

(4)

Plaintiff maintains that the ALJ, by rejecting all medical opinions pertaining to Plaintiff's severe impairment of mood disorder, failed to consider the limitations pertaining to his mood disorder and incorporate those limitations in the ALJ's RFC. He contends that the ALJ should have developed the Record with regard to this severe condition. The Court agrees. Upon remand the ALJ shall obtain an opinion from a consultative examining physician regarding any and all limitations pertaining to Plaintiff's mood disorder, and incorporate said limitations in the ALJ's RFC.

B.

Plaintiff presents other arguments regarding the ALJ's decision. The Court will address them now so that they will not remain issues on remand.

5

(1)

Plaintiff argues that the ALJ failed to discuss a third party statement rendered by Defendant's employee who interviewed Plaintiff. Doc. #11, at 41-42. Defendant's employee interviewed Plaintiff on July 16, 2009, and noted observations about Plaintiff's difficulties during the interview. R. at 348-51. Plaintiff went to the emergency room after the interview. R. at 351, 457-61. At the emergency room, Plaintiff was diagnosed with peripheral neuropathy, given pain medication, and discharged. R. at 460-61. Those treatment notes were part of the Record submitted to the ALJ, and encompass more than the observations of Defendant's employee. The Court finds the ALJ did not err in failing to discuss the employee's observations of Plaintiff in the ALJ's decision.

(2)

Finally, Plaintiff argues that the ALJ's RFC and her hypothetical to the VE failed to account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace. The Court disagrees. The ALJ's RFC included the following: "Mentally, claimant could never be expected to understand, remember, or carry out detailed instructions. His job duties had to be simple, repetitive, and routine in nature." R. at 15. Having considered the Record as a whole, the Court finds the ALJ's RFC adequately accounted for Plaintiff's limitations with regarding to concentration, persistence, or pace.

## IV.  CONCLUSION

For the reasons set forth above, the Court reverses in part and affirms in part the Commissioner's decision.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 27, 2016                    UNITED STATES DISTRICT COURT